NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30097 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00034-TMB-1 |
| v. | |
| JOSEPH KUZMIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 5, 2019[**]
Anchorage, Alaska

Before: TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Defendant Joseph Kuzmin appeals the district court's denial of his motion to

suppress evidence of two firearms recovered from his residence. He also appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

from the 72-month sentence imposed by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying the motion to suppress evidence obtained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), based on a search warrant affidavit that included details from a previous, illegal search by state troopers. The district court's factual finding that Kuzmin's son, J.K., informed officials about firearms at the residence before the state troopers' illegal search was not clearly erroneous. Therefore, after excising the tainted information from the state troopers' unlawful entry, the ATF warrant was based on facts that demonstrate a fair probability that a search of Kuzmin's home would produce evidence of the crime of being a felon in possession. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Nora*, 765 F.3d 1049, 1058 (9th Cir. 2014). Kuzmin's past convictions are relevant to show that Kuzmin is a felon, a necessary element of the crime, *see* 18 U.S.C. § 922(g), not to show he had firearms in the house. Because the search warrant affidavit established that Kuzmin had constructive possession of the firearms due to his "knowledge of the weapons and the power and intent to exercise control over them," *United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011), the ATF did not need direct evidence that Kuzmin had been seen holding the firearms.

2

The district court's above-Guidelines sentence was not substantively unreasonable, because the court reasonably determined that Kuzmin's criminal history score did not reflect the seriousness of his record, his past convictions showed that he had a violent temper and a substance abuse problem, he had been undeterred by past sentences, and he refused to accept responsibility. The district court did not impermissibly base its sentence upon Kuzmin's statements at sentencing; rather, it noted in passing that his statements further supported the district court's concern that he failed to accept responsibility, which is an appropriate ground for imposing a harsher sentence. *See United States v. Carter*, 804 F.2d 508, 514–15 (9th Cir. 1986).

**AFFIRMED.**